UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COURTNEY A. BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:20CV858 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Courtney A. Brown's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1]. The United States of America has responded to the Motion pursuant to the Court's Show Cause Order. Although Petitioner was granted an extension to file a Reply, Petitioner has not done so. For the reasons set forth below, the Motion will be denied.

### Factual Background

The factual background is set forth in the record, the Guilty Plea Agreement, and the United States of America's Response.

### Procedural Background

Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence

pursuant to 28 U.S.C. § 2255, on June 25, 2020.

On March 15, 2018, a federal grand jury charged Petitioner with one count of conspiracy to distribute over 500 grams of methamphetamine (Count Three), and one count of discharge of a firearm, resulting in death, in furtherance of a drug trafficking crime (Count Four). hereafter, Petitioner waived his right to file pretrial motions.

On March 29, 2019, Petitioner pleaded guilty to Count Three of the Indictment pursuant to a Guilty Plea Agreement (the "Agreement"). The Agreement provided, in pertinent part:

> As to Count Three, the defendant admits to knowingly violating Title 21, United States Code, Sections 841(a) and 846, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (a) Beginning at an exact time unknown, but including October 10, 201[7] and through the date of this Indictment, in the Eastern District of Missouri, the defendant reached an agreement or came to an understanding, with persons known and unknown to the Government, to possess with the intent to distribute methamphetamine; and (b) That the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some time while it was still in effect; and (c) That at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement; and (d) That the amount of methamphetamine in the offense and attributable to the defendant by virtue of his own conduct and the reasonably foreseeable conduct of co-conspirators was in excess of 500 grams.

Pursuant to the Agreement, Petitioner also agreed to "waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the

constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s)." Petitioner also agreed to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 USC, § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

During the change of plea hearing, Petitioner, who was under oath, confirmed that he was satisfied with the representation he received from his attorney, understood the consequences of pleading guilty, and had reviewed and understood the terms of the Agreement. Petitioner admitted that he was guilty of each of the elements for the crimes to which he was pleading guilty, and the Statement of Facts as set forth in the Agreement.

Petitioner appeared for sentencing on July 8, 2019. During the hearing, Petitioner agreed that he had gone over the Presentence Investigation Report with his lawyer and that while he objected to some information in the factual basis, there was no objection to the Sentencing Guideline Calculations. The Sentencing Guideline range in Petitioner's case was 360 months to life. After hearing argument from counsel and allocution, the Court then sentenced Petitioner to a below-guidelines sentence of 180 months imprisonment.

Petitioner did not appeal his conviction or sentence.

## Legal Standards

Relief Under 28 U.S.C. §2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Federal habeas relief is limited to rectifying "jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Errors of law, moreover, only constitute grounds for relief under § 2255 when such error "constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation omitted). Movant bears the burden to prove he is entitled to relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Ineffective Assistance of Counsel

"The standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.E.2d 674 (1984), provides the framework for evaluating [Movant's] ineffective-assistance-of-counsel claim." *Anderson v. United States*, 762 F.3d 787, 792 (8th Cir. 2014). [Movant] "must show that his counsel's performance was deficient and that [he] suffered prejudice as a result" to prove a violation of his Sixth Amendment rights. *Id*.

"Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Bass v. United States*, 655 F.3d

4

> 758, 760 (8th Cir. 2011) (internal quotation omitted). "*Strickland* sets a 'high bar' for unreasonable assistance." *Love [v. United States]*, 949 F.3d [406], 410 [8th Cir. 2020] (quoting *Buck v. Davis*, 137 S. Ct. 759, 775 (2017)). Only a performance "outside the wide range of reasonable professional assistance" is constitutionally deficient. *Id.* (internal quotation omitted). "We make every effort to eliminate the distorting effects of hindsight and consider performance from counsel's perspective at the time." *Id.* (internal quotation omitted).
>
> "Prejudice requires the movant to establish 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bass*, 655 F.3d at 760 (quoting *Strickland*, 446 U.S. at 694).

*O'Neil v. United States*, 966 F.3d 764, 770-71 (8th Cir. 2020).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.*

Review of counsel's performance by the court is highly deferential, and the Court "presumes counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The Court does not second-guess trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (8th Cir. 2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

    The second part of the *Strickland* test requires that Movant show that he was prejudiced by counsel's error, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Anderson,* 393 F.3d at 753-54, quoting *Strickland,* 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the Court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

    The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong,

6

however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996), quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043, citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990).

Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

7

## Claims for Relief

**Grounds One and Four**

In Ground One of his Petition, Petitioner claims his counsel was ineffective for failing to investigate the law surrounding the "knowledge" element of 21 U.S.C. §§ 846 and 841(a)(1). Petitioner claims this was a violation of the law under the *Rehaif* decision.

In Ground Four of his Petition, Petitioner claims counsel was ineffective for allowing him to plead guilty with a firearm enhancement when no firearm was recovered.

Petitioner's reliance on *Rehaif v. United States,* 139 S. Ct. 2191 (2019), is misplaced. *Rehaif* applies to cases involving 18 U.S.C. § 922(g)(1). Petitioner pleaded guilty to a violation of 21 U.S.C. §§ 846 and 841(a). Ground One is denied.

With respect to the enhancement, Petitioner admitted that his co-conspirator was killed by gunfire during their attempt to steal methamphetamine from Coffman's trailer. As the Government correctly argues, this admission is more than sufficient to establish the requisite facts for the Court to apply a two-point enhancement under USSG § 2D1.1(b)(1). Ground Four is denied.

**Grounds Two and Three**

Petitioner claims counsel was ineffective for advising him he would only have to serve 65% of his sentence, and that counsel was ineffective for incorrectly advising him he would qualify for the Bureau of Prisons' Residential Drug Abuse Program (RDAP).

"[E]rroneous advice concerning parole eligibility may constitute ineffective assistance of counsel." *Hale v. Lockhart*, 903 F.2d 545, 549 (8th Cir. 1989). But this erroneous advice must affect the defendant's decision to plead guilty. *See Hill v. Lockhart*, 894 F.2d 1009, 1010 (8th Cir. 1990). For example, in *Hill*, the Eighth Circuit concluded that counsel's erroneous parole eligibility advice was constitutionally deficient because the defendant "made clear that the timing of eligibility was the dispositive issue for him in accepting or rejecting a plea bargain." *Id.* By contrast, Petitioner here does not allege facts that would show that early release was a critical factor in his decision to plead guilty. Without the plea agreement, Petitioner was facing a sentencing range of 360 months to life imprisonment, with a mandatory minimum of 10 years. Petitioner does not argue that he would have gone to trial if his counsel had not given him this inaccurate advice. Rather, Petitioner merely states that this advice affected the plea process. Petitioner has therefore failed to show that he was prejudiced by his counsel's failure. Ground Three is denied.

Petitioner claims counsel was ineffective because he advised him he would qualify for time off from participating in RDAP when having a firearm precludes participation. He once again states that this was prejudicial because it affected the plea process; Petitioner does not claim that but for this advice, he would not have pled guilty. Again, Petitioner was facing 360 years to life, and there is nothing in the record to demonstrate that this advice from counsel was a determinative factor in his decision to accept the Government's plea offer. Indeed, as Respondent points out, Petitioner has failed to present any authority that he must be notified of which programs within the Bureau of Prisons he may qualify. Ground Four is denied.

## Conclusion

Based upon the foregoing analysis, none of Petitioner's claims entitle him to relief. Petitioner's motion will be denied in its entirety.

## Certificate of Appealability

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *Id.* § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of

appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338, quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [Movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the Court finds that Petitioner has failed to make the requisite "substantial showing." *See* 28 U.S.C. §

11

2253(c)(2); Fed. R. App. P. 22(b). Accordingly, a certificate of appealability will not issue.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 8th day of September, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE